FILED
 2014 Mar-17  PM 02:28
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JONATHAN MORROW,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) Case No.: 4:13-CV-2158-VEH |
| | ) |
| **XPRESS PARTNERS, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## MEMORANDUM OPINION REGARDING
## ORDER APPROVING PRO TANTO SETTLEMENT

On November 27, 2013, the plaintiff, Jonathan Morrow, filed this action against Xpress Partners, LLC d/b/a Havalon Texaco Oil Express.  (Doc. 1). The complaint alleges that the defendant "has willfully and intentionally violated the [Fair Labor Standards Act ("]FLSA["), 29 U.S.C. § 201, *et seq.*] by failing to pay [p]laintiff for all hours worked in excess of forty in a work week at one and one-half times his regular hourly rate of pay." (Doc. 1 at 3) (Count One). The complaint also alleges although the [p]laintiff regularly qualified for a commission based upon [d]efendant's system . . . [d]efendant has removed earned commission[s] and/or otherwise failed to pay earned commissions to [p]laintiff repeatedly throughout his employment." (Doc. 1 at 4) (Count Two).

This case comes before the court on the parties' "Joint Motion for an Order Approving the Settlement Agreement and Dismissal of Claims With Prejudice." (Doc. 15). The court has carefully reviewed and considered the materials submitted by the parties in support of the proposed settlement, and the court finds that the proposed settlement is a fair and adequate compromise of the plaintiff's genuinely contested claims of overtime pay and failure to pay commissions.[1] The claims were genuinely disputed by the defendant. The parties reached a fair and adequate compromise to resolve disputes over whether any overtime pay, or commissions, were due to the plaintiff, whether it is possible to accurately quantify any overtime or commissions the plaintiff may claim, and, by extension, whether plaintiff is entitled to any liquidated damages. The court agrees that the negotiated fees and expenses of plaintiff's' counsel are fair and reasonable and do not reduce the amount the plaintiff is entitled to receive under the settlement.

The court **REJECTS** Paragraph 7 of the proposed settlement agreement in its entirety. The court agrees with the observation made by Judge Thompson that "[a]bsent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent

---

[1] The agreement submitted to chambers is entitled "*Pro Tanto* Settlement and Release Agreement." The agreement is clear that, in this case, the phrase *pro tanto* refers to potential claims that are not part of this case. The settlement agreement resolves all claims in this action.

interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1283 (M.D. Ala. 2011) *quoting Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708, 65 S. Ct. 895, 89 L. Ed. 1296 (1945). Confidentiality provisions may not be extracted as a part of the price of compromise, "for they prevent the employee from alerting other workers to potential FLSA violations on pain of personal liability" and by enabling the employer to "'retaliate against an employee for exercising FLSA rights' by advising other employees of FLSA violations." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1284 (M.D. Ala. 2011). To uphold such provisions, there must be "compelling reasons," *Crabtree v. Volkert, Inc.*, 2013 WL 593500, *4 (S.D. Ala. Feb. 14, 2013), which simply have not been shown to exist in these cases. Even if the court were not rejecting Paragraph 7 in its entirety (which it is) the court would reject that part of Paragraph 7 that allows the defendant to seek liquidated damages for any breach of the confidentiality agreement.

Further, the court expressly finds that the proposed attorneys' fees and expenses due to plaintiffs' counsel under the proposed settlement agreement are fair and reasonable, taking into account the "lodestar" method of calculating fees and the factors enumerated in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974). In the separate Final Order Approving Settlement and Dismissing Case,

the court will award to plaintiffs' counsel the fees, costs, and expenses consistent with the settlement agreement. Also in that order, the court will approve the proposed settlement agreement, except with respect to Paragraph 7. Approval of the settlement agreement is expressly subject to the court's retaining jurisdiction for a period of one hundred and twenty (120) days from the date of the order for purposes of enforcement of the settlement agreement. The parties may proceed with execution of the settlement agreement, and the court will dismiss with prejudice this action.

**DATED** this 17th day of March, 2014.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge